IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH LEYVA and
PATRICK GILMAN,

    Defendants.

Case No. 1:20-cr-01902-MLG

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT PATRICK GILMAN'S MOTION TO DISMISS INDICTMENT**

On August 3, 2020, members of the New Mexico State Police attempted to initiate a traffic stop on a vehicle that was observed travelling over one hundred miles per hour without its headlights illuminated. Doc. 86 at 1. The driver of the vehicle did not stop as requested and subsequently led police on a high-speed chase through Clovis, New Mexico. Doc. 115 at 1. During the pursuit, the vehicle's occupants allegedly discharged firearms at police. Doc. 131 at 3. On September 23, 2020, Patrick Gilman (and his co-defendant Joseph Leyva) was arrested in connection with the incident. Several weeks later, he was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 14 at 1.

The predicate conviction giving rise to Gilman's felon in possession charge stems from prior state court proceedings. Specifically, in 2019, the State of New Mexico charged Gilman with several felonies[1] including conspiracy to commit racketeering and residential burglary. Doc. 9 at

---

[1] These crimes are punishable by imprisonment for terms exceeding one year. *See* NMSA 1978, § 30-42-4(C) (2015) (racketeering statute) (providing that a violation of this subsection constitutes a second degree felony); § 30-28-2(B) (1979) (conspiracy statute) (providing that whoever commits conspiracy is guilty of a second-, third-, or fourth degree felony); § 30-16-3(A) (1971) (residential burglary statute) (providing that whoever commits residential burglary is guilty of a

1

4-5. On August 27, 2019, he pled guilty to one count of conspiracy to commit racketeering and two counts of residential burglary. *See generally* Doc. 86-1; Doc. 86-2. The state court accepted the guilty plea on the same day it was entered. Doc. 86-2 at 2. However, Gilman was not sentenced[2] until September 1, 2020—nearly a month after the car chase and gunshots that occasioned the present federal charge. Doc. 86-3 at 1. Gilman now moves to dismiss the indictment by advancing two primary arguments: (1) the indictment fails to state an offense and (2) 18 U.S.C. § 922(g)(1) is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Doc. 73. The Court addresses (and rejects) each of these arguments in turn below.

## DISCUSSION

**I.      The indictment states an offense.**

**A.      The allegations in the indictment are sufficient to establish a violation of the charged offense.**

"Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). However, a defendant may file a pretrial motion alleging a defect in the indictment including failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). In reviewing such a motion, the Court's consideration is circumscribed to whether the indictment "sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double

---

third degree felony); § 30-1-6(A) (1963) ("A crime is a felony if it is so designated by law or if upon conviction thereof a sentence of death or of imprisonment for a term of one year or more is authorized.").

[2] Gilman was ultimately sentenced to a term of six years: three years with a suspended sentence and three years of incarceration. Doc. 86-3 at 2.

jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

Here, the Court finds that the allegations contained in the indictment are sufficient to establish a violation of the charged offense. The charging document asserts that Gilman knew he had been convicted of a felony and possessed a firearm and ammunition in contravention of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 14 at 1. Those averments plainly provide Gilman with fair notice of the charges against him, and he can assert a double jeopardy defense based on the allegations. Dismissal is therefore unwarranted.

**B.      Gilman was a convicted felon on August 3, 2020.**

Gilman next claims that the Government cannot prove as a matter of law[3] that he was prohibited from possessing a firearm on August 3, 2020. Doc. 73 at 3, 8. His argument is straightforward—he was not a convicted felon until after he was sentenced for his transgressions. Though slick, Gilman's position is legally unfounded.

New Mexico law provides that a guilty plea constitutes a conviction even when the state court has not yet imposed a sentence.[4] *See State v. Garcia*, 1983-NMCA-017, ¶ 26, 99 N.M. 466,

---

[3] Gilman relies on the rare exception for dismissal noted in *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994). Doc. 73 at 3. He is correct that a court may dismiss an indictment if it determines that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. *See Hall*, 20 F.3d at 1088; *see, e.g.*, *United States v. Brown*, 925 F.2d 1301, 1309 (10th Cir. 1991) (affirming the district court's pretrial dismissal of three counts of violations of the National Stolen Property Act on the basis that the allegedly stolen property was not covered under the statutory protection for goods, wares or merchandise). This procedure is "indeed the rare exception" and may only occur "where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Hall*, 20 F.3d at 1088. Applied here, Gilman presumes that he was in fact *not* a prohibited person at the time he possessed a firearm. Doc. 73 at 8. But that fact is disputed: the parties disagree on whether Gilman was a convicted felon on August 3, 2020. Because there is a disputed operative fact, dismissal of the indictment under the rare exception noted in *Hall* is unwarranted.

[4] Because these proceedings are held in New Mexico, this state's definition of the term "convicted" applies. *See* 18 U.S.C. § 921(20). In addition, the Court relies on case law to assess the contours

659 P.2d 918 (explaining that "[a] conviction refers to a finding of guilt and does not include the imposition of sentence"); *see also Benns v. New Mexico Dep't of Pub. Safety*, 2022-NMCA-050, ¶ 10, 517 P.3d 273, *cert. denied* (Apr. 26, 2022) ("Under longstanding New Mexico precedent, a 'conviction' refers to the finding of guilt by plea or by verdict and does not require the imposition of a sentence."); *see also* NMSA 1978, § 30-1-11 (1963) ("No person shall be convicted of a crime unless found guilty by the verdict of the jury, accepted and recorded by the court; or upon the defendant's confession of guilt or a plea of nolo contendere, accepted and recorded in open court; or after trial to the court without jury and the finding by the court that such defendant is guilty of the crime for which he is charged.").[5]

That is the case here. Gilman was a convicted felon as of August 27, 2019, when he pled guilty to three counts of felonious offenses even though he had not yet been sentenced. Doc. 86-2; Doc. 86-3 at 1. It follows then that he was still classified as such nearly a year later, on August 3, 2020, when he allegedly possessed a firearm. Thus, the indictment sufficiently states an offense: that Gilman possessed a firearm after having been previously convicted in state court of a crime punishable by imprisonment for a term exceeding one year in violation of Section 922(g)(1).[6]

---

of the term because New Mexico's analogue felon in possession law does not provide a definition. *See* NMSA 1978, § 30-7-16 (1987).

[5] Gilman argues that the court decisions holding that a defendant is convicted for all purposes upon entering a guilty plea "incorrectly interpret[ed]" the law. Doc. 73 at 4. The Court is unpersuaded because Gilman has not cited case law from New Mexico that stands for the proposition that there is a meaningful distinction between interpretations of the term "convicted" with respect to the state's felon in possession statute and the habitual offender statute. To the extent that Gilman offers *State v. Sundeen*, 2001-NMSC-006, 130 N.M. 83, 17 P.3d 1019 (per curiam) to make this point, this case is inapposite for different reasons as the Court discusses *infra*.

[6] That provision prohibits the possession of any firearm or ammunition by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. However, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this

Gilman challenges this result pointing to *State v. Sundeen*, 2001-NMSC-006, which he claims stands for the proposition that "a person is not convicted as a felon until he is sentenced." Doc. 73 at 4. This argument mischaracterizes that case. In *Sundeen*, the defendant was charged with violating Section 30-7-16. 2001-NMSC-006, ¶ 1. The underlying felony was a previous conviction for two crimes in Colorado classified by that state as misdemeanors but for which punishment for one of the two crimes could include more than a year imprisonment. *Id.* For that conviction, he was sentenced to eighteen months of probation and a sixty-day suspended sentence. *Id.* In the New Mexico proceeding, the defendant moved to dismiss the indictment, arguing that he was not a felon for purposes of this state's felon in possession statute. *Id.* The district court denied that motion. *Id.* But the New Mexico Court of Appeals reversed. *Id.*; *see State v. Sundeen*, No. 20,245, slip. op. (NMCA Oct. 20, 1999). The question on interlocutory appeal before that court was the following:

> whether [the defendant] could be considered a felon for purposes of Section 30-7-16 when he was previously convicted in Colorado of two crimes classified by Colorado as misdemeanors, when the punishment for one of these misdemeanors may include imprisonment for one year, and when [the defendant] was sentenced to eighteen months of probation and a sixty-day suspended jail sentence.

*Id.* Put differently, the New Mexico Court of Appeals had to decide "whether [the defendant's] conviction of Colorado's crime of false imprisonment is a felony for purposes of New Mexico's statute prohibiting felons from possessing firearms," which defines "felon" as a person convicted by a state court to a sentence of death or one or more years imprisonment. *Id.* Addressing the same issue, the New Mexico Supreme Court ultimately affirmed the Court of Appeals and concluded that "a felon for purposes of this crime is one who is convicted to a sentence of one or more years

---

chapter," unless it is "expressly provide[d] that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(20). Here, there is no evidence that Gilman's conviction was expunged, set aside, pardoned nor is there evidence that Gilman had his civil rights restored.

imprisonment." *Id.* Thus, the question in *Sundeen* did not turn on whether the defendant was "convicted" but rather whether the defendant was a "felon" under the dictates of the statute.

By contrast, in this case the Court is not tasked with determining whether Gilman's state convictions constituted felonies: that fact is undisputed. As discussed above, Gilman was a *convicted* felon on August 3, 2020, when he allegedly possessed a firearm. The facts plainly suffice to state a violation of Section 922(g)(1). Dismissal of the indictment is thus unwarranted.

## II.     Section 922(g)(1) is constitutional under Tenth Circuit precedent.

Lastly, Gilman argues that Section 922(g)(1) violates his Second Amendment rights, following the Supreme Court's recent decision in *Bruen*, 142 S. Ct. 2111. Doc. 73 at 10-11. However, "*Bruen* did not indisputably and pellucidly abrogate [the] precedential opinion in *McCane*," which held that Section 922(g)(1) is constitutional. *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023); *see United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Because Gilman's argument is directly contrary to binding Tenth Circuit precedent, his motion is denied.

## CONCLUSION

For the foregoing reasons, the Court denies the motion. Doc. 73. It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

6